UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. McLAUGHLIN,

 Plaintiff,         Case No. 15-cv-11607
                Hon. Matthew F. Leitman
v.

JOHN H. WILSON *et. al.*,

 Defendants.
                /

## ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* (ECF #2), SUMMARILY DISMISSING COMPLAINT (ECF #1), AND DENYING MOTION FOR APPOINTMENT OF COUNSEL AS MOOT (ECF #3)

### INTRODUCTION

On May 1, 2015, Plaintiff Michael T. McLaughlin ("McLaughlin"), a prisoner currently confined at the Southern Desert Correctional Center in Indian Springs, Nevada, filed the instant *pro-se* civil-rights action. (*See* the "Complaint," ECF #1.) McLaughlin has also applied to proceed *in forma pauperis* (*see* the "Application," ECF #2) and for the appointment of counsel. (*See* the "Counsel Motion," ECF #3.) For the reasons stated below, Court **GRANTS** the Application, **DISMISSES** the Complaint for failure to state a claim upon which relief can be granted, and **DENIES** the Counsel Motion as moot.

1

## McLAUGHLIN'S ALLEGATIONS

McLaughlin alleges that Defendants John H. Wilson ("Wilson") and Lari Zeka ("Zeka") violated his civil rights. Specifically, McLaughlin claims that Wilson and Zeka were involved in a legal research scheme through which they defrauded numerous inmates and family members of over two million dollars. (*See* Compl. at Ex. 1, Pg. ID 8.) McLaughlin says that Wilson and Zeka defrauded him, and, in addition, that he was investigated for possible involvement in their scheme. (*See id.* at 4, Pg. ID 4.) McLaughlin claims that during the investigation into his possible connection with the scheme, Nevada prison authorities placed him into an administrative segregation unit for six months and subjected him to other disciplinary acts. (*See id.* at 4-5, Pg. ID 4-5.) McLaughlin was eventually cleared of any involvement in Wilson's and Zeka's scheme and released from segregation. (*Id.*)

McLaughlin brings his action "pursuant to 42 U.S.C. § 1983" and "seek[s] to redress the violation of civil rights secured by the Constitution of the United States." (*Id.* at 2, Pg. ID 2.) He asserts claims for monetary damages against Wilson and Zeka for "obtaining money by false pretenses," "false imprisonment," and "cruel and unusual punishment." (*Id.*)

## GOVERNING LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act, the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if the Court determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); *see also* 28 U.S.C. § 1915(e)(2)(B).

A *pro se* litigant's complaint, like the one McLaughlin filed here, is to be construed liberally. *See Middleton v. McGinnis*, 860 F.Supp. 391, 392 (E.D. Mich. 1994) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). "Such complaints, however, must plead facts sufficient to show a legal wrong has been committed from which plaintiff may be granted relief." *Goodell v. Anthony*, 157 F.Supp.2d 799 (E.D. Mich. 2001); *see also Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) ("Neither [the Supreme Court] nor other courts [] have been willing to abrogate basic pleading essentials in *pro se* suits").

## ANALYSIS

To establish a *prima facie case* under 42 U.S.C. § 1983, a plaintiff must establish "both that 1) []he was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting

3

under color of state law." *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001). "If a plaintiff fails to make a showing on any essential element of a § 1983 claim, it must fail." *Id.*

McLaughlin's allegations against Wilson and Zeka fail to state a claim upon which relief can be granted because McLaughlin has not pleaded that either Wilson or Zeka acted under the color of state law or were involved in a "joint activity with state officials." *Goodell,* 157 F.Supp.2d at 800 (E.D. Mich. 2001). As in *Goodell*, McLaughlin's Complaint fails "because [McLaughlin] has alleged no facts which would suggest that [either Wilson or Zeka] was acting under color of state law" when they defrauded McLaughlin or any of the other inmates.[1] *Id.* at 801.

Moreover, McLaughlin cannot assert civil rights claims against Wilson and Zeka based on the actions of the Nevada prison authorities who allegedly placed McLaughlin in administrative segregation while he was being investigated for possible involvement in the legal research scheme. A complaint must allege that the defendants were personally involved in a deprivation of federal rights. *See Hall v. United States*, 704 F.2d 246, 251 (6th Cir. 1983) (affirming dismissal of claim against group manager for IRS because the plaintiff did not "point[] to any

---

[1] Moreover, to the extent McLaughlin attempts to bring any claims against Wilson and Zeka that are not premised upon 42 U.S.C. § 1983, he has failed to plead how this Court has subject-matter jurisdiction over these claims.

evidence that [the defendant group manager] personally deprived her of any statutory or constitutional rights"). Here, McLaughlin has not alleged in the Complaint that either Wilson or Zeka had any role in the alleged decision by Nevada prison authorities to place him in administrative segregation. For all of these reasons, McLaughlin's Complaint fails to state a claim upon which relief can be granted.

## CONCLUSION

Based on the representations in the Application, **IT IS HEREBY ORDERED THAT** the Application is **GRANTED**. **IT IS FURTHER ORDERED** that McLaughlin's Complaint (ECF #1) is **DISMISSED** for failure to state a claim; and that McLaughlin's motion for the appointment of counsel (ECF #3) is **DENIED AS MOOT**.

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2015

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on May 13, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda  
Case Manager  
(313) 234-5113