UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL T. McLAUGHLIN,

      Plaintiff,

v.

JOHN H. WILSON *et. al.*,

      Defendants.

_____/

Case No. 15-cv-11607
Hon. Matthew F. Leitman

## ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO FILE AN AMENDED COMPLAINT (ECF #6) AND MOTION TO AMEND THE JUDGMENT OR, IN THE ALTERNATIVE, FOR RECONSIDERATION (ECF #7)

Plaintiff Michael T. McLaughlin ("McLaughlin"), a prisoner currently confined at the Southern Desert Correctional Center in Indian Springs, Nevada, filed this *pro-se* civil-rights action on May 1, 2015. (*See* the "Complaint," ECF #1.) McLaughlin alleged that Defendants John H. Wilson ("Wilson") and Lari Zeka ("Zeka") violated his civil rights by defrauding him through a legal research scheme. (*See id.* at 4, Pg. ID 4.) McLaughlin brought the action "pursuant to 42 U.S.C. § 1983 … seek[ing] to redress the violation of civil rights secured by the Constitution of the United States." (*Id.* at 2, Pg. ID 2.) McLaughlin also applied to proceed *in forma pauperis* and for the appointment of counsel. (*See* ECF ##2-3.)

1

On May 13, 2015, the Court granted McLaughlin's application to proceed *in forma pauperis*, denied his motion for the appointment of counsel, and summarily dismissed the Complaint pursuant to 42 U.S.C. § 1997e(c) and 28 U.S.C. § 1915(e)(2)(B) (the "Dismissal Order").  (*See* ECF #5.)  The Court noted that "[t]o establish a *prima facie* case under 42 U.S.C. § 1983, a plaintiff must establish 'both that 1) []he was deprived of a right secured by the Constitution or laws of the United States and 2) the deprivation was caused by a person acting under color of state law.'"  (Dismissal Order at 3-4, Pg. ID 36-37 (quoting *Redding v. St. Eward*, 241 F.3d 530, 532 (6th Cir. 2001)).)  The Court determined that "McLaughlin's allegations against Wilson and Zeka fail[ed] to state a claim upon which relief can be granted because McLaughlin has not pleaded that either Wilson or Zeka acted under the color of state law or were involved in a 'joint activity with state officials.'"  (*Id.* at 4, Pg. ID 37 (quoting *Goodell v. Anthony*, 157 F.Supp.2d 799, 800 (E.D. Mich. 2001)).)

McLaughlin has now filed a motion for leave to file an amended complaint (the "Motion for Leave to Amend") and a motion to alter or amend the judgment or, in the alternative, for reconsideration (the "Motion to Alter or Amend the Judgment").  (*See* ECF ##6-7.)  The Court construes both motions as requests to alter or amend the Dismissal Order pursuant to Federal Rule of Civil Procedure

59(e).  *See, e.g.*, *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 617-18 (6th Cir. 2002) (construing post-judgment motion seeking leave to file amended complaint as a Rule 59(e) motion); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1047 (6th Cir. 2001) (construing motion for reconsideration as a Rule 59(e) motion).

"A court may grant a Rule 59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice."  *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir.2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir.1999)).  However, "[t]he court will not grant [a] motion[] for … reconsideration that merely present[s] the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect … but also show that correcting the defect will result in a different disposition of the case."  E.D. Mich. L.R. 7.1(h)(3).  *See also Henderson v. Walled Lake Consol. Sch.*, 463 F.3d 479, 496 (6th Cir. 2006) ("palpable defect" standard under L.R. 7.1 is consistent with grounds for amending or altering judgment under Rule 59(e)).  Indeed, Rule 59(e) motions "are not intended as a vehicle to relitigate previously considered issues … and are not the proper vehicle to attempt to obtain a reversal of judgment by offering the same arguments previously presented."  *Kenneth Henes Special Projects Procurement v.*

3

*Continental Biomass Industries, Inc.*, 86 F.Supp.2d 721, 726 (E.D. Mich. 2000).

McLaughlin makes two arguments in his motions. First, McLaughlin argues that the Court held his *pro se* Complaint to an overly-stringent standard when it dismissed his § 1983 claim for failing to allege that Wilson and Zeka acted "under the color of state law." (*See* ECF #2 at Pg. ID 40.) McLaughlin appears to assume that the Court dismissed his Complaint solely because he failed to include the words "under the color of state law." Not so. The Court dismissed the Complaint because the factual allegations failed to state a claim under § 1983. "[A] complaint must contain sufficient factual matter, accepted as true, 'to state a claim of relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). McLaughlin's Complaint contained insufficient factual allegations to support a plausible inference that Wilson and Zeka acted under the color of state law. Indeed, it is clear from McLaughlin's allegations against Wilson and Zeka that he complains of purely private conduct. (*See* ECF #6 at 3-4, Pg. ID 41-42.) Accordingly, even if McLaughlin's Complaint had included the words "under the color of state law," it still would not have stated a § 1983 claim.

4

Second, McLaughlin contends that the Court erred by dismissing his Complaint without providing him an opportunity to amend. (*See* ECF #6 at 2-4, Pg. ID 40-42.) But McLaughlin has not identified any specific ways in which he would amend his Complaint to state a viable claim, if granted leave to amend. Indeed, McLaughlin's motions largely rehash the same allegations and arguments that he made in his Complaint and that the Court found insufficient to state a § 1983 claim in the Dismissal Order.

Accordingly, McLaughlin has not demonstrated that the Court erred when it dismissed his Complaint. And even if McLaughlin did identify a palpable defect in the Dismissal Order, McLaughlin has not shown that correcting the defect would result in a different disposition of the case. Under these circumstances, McLaughlin is not entitled to alteration, amendment, or reconsideration of the Dismissal Order.

McLaughlin may have a legal remedy for the allegedly-wrongful conduct by Wilson and Zeka. For instance, he may be able to assert a claim against them in a state court. But McLaughlin's allegations in this action do not provide a basis for relief pursuant to § 1983 in this Court.

For the reasons explained above, **IT IS HEREBY ORDERED** that the Motion for Leave to Amend (ECF #6) and the Motion to Alter or Amend the Judgment (ECF #7) are **DENIED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  June 16, 2015


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 16, 2015, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(313) 234-5113

6